## CONSTITUTIONALITY OF SCHOOL FUND DEPOSITORY ACT.

[Circuit Court of Preble County.]

THE STATE OF OHIO, EX REL· THE BOARD OF EDUCATION OF
EATON, OHIO, v. GEO. W. REHFUSS, TREASURER OF
THE EATON SCHOOL DISTRICT.

Decided, April, 1905.

*School Funds—Mandamus to Compel Deposit of—In Official Depository
—Requirement of Security Company Bond Directory Only—Section
3698 Constitutional.*

1. Inasmuch as the primary purpose of Section 3968, providing for the
designation of an official depository for school funds, is to obtain a
revenue from the idle moneys of school boards, the provision of the
act that the depository shall give a good and sufficient bond "of
some approved surety company" is incidental merely, and indicates
a purpose to require a good and sufficient lawful bond, and nothing
more.

2. It follows, therefore, that the objectional provision of the act is di-
rectory only, and that the act is constitutional.

WILSON, J.; SULLIVAN, J., and DUSTIN, J., concur.

This is a suit in mandamus to compel the defendant, who is
the treasurer of the Eaton School District, to deposit the school
funds in the bank named by the board as the official depository.

The defendant answers that the depository was designated
under the provisions of Section 3968 of the Revised Statutes,
and that the law is unconstitutional. A demurrer is interposed
to the answer raising the question. The ground upon which it
is claimed the law is unconstitutional is that it requires the
bank named as the depository to "give a good and sufficient bond
of some approved security company."

The decision of the court in *Stale, ex rel,* v. *Robbins,* 2 O. L. R.,
373, holding Section 3446c, as amended April 20th, 1904 (97
O. L., 182) known as the Craft's Law, to be unconstitutional,
is relied upon. The purposes of the law, as it is said by Davis, J.,
in the opinion of the court, was to make security by security
companies exclusive and compulsory for the benefit of the se-

---

*Petition in error filed in the Supreme Court by Rehfuss, treasurer,
on June 30, 1905; motion for an order staying execution of the judg-
ment below overruled July 10; cause dismissed September 26, for fail-
ure to file printed record.

curity companies, and not to subserve the public welfare. Such a purpose, the Supreme Court holds, is violative of the Constitution, because it unnecessarily interferes with the right of contract.

That can not be said of the law which is challenged here. Its purpose is to establish a depository for school funds, under certain named restrictions, for the benefit of the public.

The boards of education are authorized to designate as the depository the bank offering at a competitive bidding the highest rate of interest, in no case less than two per cent.; the deposit shall not exceed the paid-up capital stock of the bank, and shall not exceed three hundred thousand dollars; the bank shall give a good and sufficient bond of some approved guaranty company in a sum at least equal to the amount deposited.

It is obvious that the primary purpose of the law is to obtain a revenue from the idle moneys of the school boards. The provisions for security are incidental merely.

Two days before the passage of the school code, of which this section is a part, the Legislature had enacted what is known as the Craft's Law, now held to be unconstitutional. If that law had been valid, as the Legislature must have assumed that it was, no other kind of security would have been lawful. Section 3968 simply followed its provisions, the purpose being to require a good and sufficient lawful bond.

It is the duty of the court to uphold the law establishing a depository for the benefit of the public if it can be done. In order that it may be done and that the deposit may be secured by a lawful bond, the court is authorized, we think, to regard the words designating the character of the security as directory merely and not vital to the purposes of the statute.

It can not be said, if the Legislature had known it could not so direct as to the character of the security, it would not have passed the act. The demurrer to the answer will be sustained, and a peremptory writ may issue forthwith at the costs of the defendant.

M. Cahill, Prosecuting Attorney, E. P. Vaughan and J. F. Gilmore, for the school board.

Risinger & Risinger, for the treasurer.